## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:11-CR-00078-JCB-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **DEMARCUS DONELL ANDERSON (3)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 10, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Jim Noble.  Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute at Least 112 Grams but Less Than 196 Grams of Cocaine Base, a Class B felony, Demarcus Donell Anderson was sentenced on June 12, 2012, by United States District Judge Leonard Davis.  The offense carried a statutory maximum imprisonment term of 40 years.  The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months.  The Court sentenced Defendant to imprisonment for a term of 188 months, followed by a 5-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, drug testing, drug treatment, and a $100 special assessment.  Defendant completed his term of imprisonment and started his term of supervised release on February 14, 2025.

1

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on February 25, 2026, United States Probation Officer Satori Barnes alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Unlawful Restraint, a Class A Misdemeanor, on May 25, 2025. On December 2, 2025, Defendant appeared in Gregg County Court at Law #1 on Case No. 2025-1186 and pled guilty, receiving a 45-day sentence of imprisonment in the Gregg County Jail. It is also alleged that Defendant was arrested on February 23, 2026 by the Duncanville Police Department for the offense of Assault Family Violence. According to the arrest details, law enforcement was called to a disturbance by a female reporting that Defendant prevented her from leaving the reported location and pushed her during an argument.

2. **Allegation 2 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that Defendant failed to report for drug tests as directed by the probation officer on January 8, 2026 and January 30, 2026

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens on August 26, 2025, September 26, 2025, and October 6, 2025 that tested positive for marijuana and were confirmed positive by Abbot Labs. Additionally, Abbot Labs confirmed that the September 26 and October 6 results show a reuse of marijuana after the previous positive test. It is also alleged that Defendant admitted on December 30, 2025 that he ingested a gummy containing THC during his incarceration in the Gregg County Jail on or about November 18, 2025, and he signed an admission form.

4. **Allegation 4 (standard condition 1): The defendant shall not leave the judicial district without the permission of the Court or probation officer.** It is alleged that Defendant's arrest in Duncanville, Texas, on February 23, 2026 is evidence that he violated this condition.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### *Hearing*

On March 10, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day, with no further term of supervised release.  Through an individualized assessment, I determined that no new term of supervised release is warranted.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.  It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day, with no further term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment

for a term of 12 months and 1 day, with no further term of supervised release.

So ORDERED and SIGNED this 11th day of March, 2026.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE